UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**00-6026**

CASE NO.:
CIVIL DIVISION

MAGISTRATE JUDGE
SNOW

WORLDNET COMPANIES, INC.,
a Florida Corporation,
    Plaintiff,
vs.

KLELine, a Limited Company,
a corporation incorporated under the laws of
France; ABDALLAH HITTI, individually;
AYHUB HITTI, individually;
BANQUE PARIBAS S.A., a banking corporation
incorporated under the laws of France;
OCRAM EST., a Liechtenstein corporation; and
MICHAEL BENDE, individually,
    Defendants.
_____/

## COMPLAINT

Plaintiff WORLDNET COMPANIES, INC., a Florida corporation (hereinafter "WORLDNET"), sues Defendants KLELine, a Limited Company, a corporation under the laws of FRANCE (hereinafter "KLELINE"), ABDALLAH HITTI, individually, (hereinafter "HITTI"), AYHUB HITTI, individually, (hereinafter the "FATHER"), and BANQUE PARIBAS S.A., a banking corporation incorporated under the laws of France, (hereinafter "PARIBAS"), OCRAM EST., a Liechtenstein corporation (hereinafter "OCRAM"), and MICHAEL BENDE, individually, (hereinafter "BENDE"), and alleges:

### JURISDICTION

1. Each cause of action set forth herein seeks damages in excess of $75,000 US and/or punitive damages plus costs and attorney's fees.

2. Complete diversity of citizenship exists between Plaintiff and all Defendants except MICHAEL BENDE, individually, who lives in Boca Raton, Florida, but operates through his alter ego, Defendant OCRAM, from Liechtenstein.

3. The acts complained of herein were directed against and committed against Plaintiff at its home office in Fort Lauderdale, Broward County, Florida.

4. Defendants acted personally in Broward County, Florida, or through agents acting on their behalf in Broward County, Florida, or through the instrumentality of the Internet directed against Plaintiff in its home office.

## PARTIES

5. Plaintiff WORLDNET is a Florida corporation doing business from its home office in Fort Lauderdale, Florida as a worldwide Internet service provider, licensed telephone company, and e-commerce processor, and contracted with Defendants to provide banking services to it at its home office in Broward County, Florida.

6. Defendant KLELINE is a French corporation doing business from its home office in Paris, France, and is a wholly-owned subsidiary of PARIBAS engaged in the business of providing banking services to customers (including WORLDNET) which consists of the processing of credit card transactions, collecting from MasterCard and Visa resulting from such transactions, and paying over such funds to customers (including WORLDNET).

7. Defendant HITTI is a Lebanese national residing in Paris, France, and is the President and Chief Executive Officer of KLELINE, who personally entered into contractual relationships with WORLDNET at its home office in Broward County, Florida to:

    a. provide the banking services of KLELINE & PARIBAS to WORLDNET and its customers at its home office in Fort Lauderdale, and

    b. Have WORLDNET purchase the interests of KLELINE from PARIBAS.

8. Defendant AYHUB HITTI is a Lebanese national residing in Lebanon, and is the Father of Defendant ABDALLAH HITTI and acted as the recipient and conduit of the monies

extorted from WORLDNET by HITTI, KLELINE and PARIBAS and Plaintiff WORLDNET wire transferred the two separate sums of $55,000 US and $60,000 US to his personal bank account in Lebanon.

9. Defendant PARIBAS is a European banking corporation with offices in over 60 countries including the United States, which holds a banking license from MasterCard and Visa to process credit card transactions, and which provides the types of services required by WORLDNET, and which are rendered to companies including WORLDNET through PARIBAS' wholly-owned subsidiary, KLELINE.

10. Defendant OCRAM is a Liechtenstein corporation owned and directed by Defendant BENDE, which acted at all times as an agent of KLELINE/PARIBAS, and contracted with WORLDNET to "supply" credit card transactions for processing by KLELINE/PARIBAS.

11. Defendant BENDE is a United States citizen living in Boca Raton, Florida, and is the sole shareholder and director of Defendant OCRAM who used OCRAM, a Liechtenstein corporation, as an alter ego to deceive and defraud Plaintiff and as a conduit to siphon off monies due to Plaintiff WORLDNET from Defendant KLELINE.

## GENERAL ALLEGATIONS

12. On or about June 10, 1998, KLELINE and PARIBAS approached and represented to WORLDNET through its agent and sub-licensee OCRAM EST,. a Liechtenstein corporation and its Director General MICHAEL BENDE that they would provide banking services to WORLDNET'S Internet customers worldwide by processing MasterCard and Visa credit card transactions initiated by WORLDNET'S customers.

13. KLELINE maintains a separate corporate structure, however it is a wholly-owned subsidiary of PARIBAS; survives economically on a $14,000,000 per year direct subsidy from

PARIBAS; and is under the direct domination and control of PARIBAS to the extent that KLELINE is the agent and alter ego of PARIBAS.

14. KLELINE/PARIBAS represented through OCRAM, BENDE and HITTI that it would process the credit card transactions, collect the entire amount due, retain a servicing fee for itself, and then remit the amount of all charges less the service fees to WORLDNET.

15. The aforesaid representations were made verbally and through the medium of the following documents, copies as the Exhibits shown:

Ex. A.  Agreement for Computer Services dated Oct. 5, 1998.

Ex. B.  Sub-License Agreement dated Oct. 5, 1998.

Ex. C.  Article 6-Remuneration-Addendum dated 10 February, 1999.

Ex. D.  KLELINE Merchant Registration Form dated 10 February, 1999.

Ex. E.  Memorandum of Agreement dated March 9, 1999.

16. In reliance upon these representations, WORLDNET commenced transmitting its credit card transactions to KLELINE for processing, and over the period of time through the end of November, 1999, the total of these transactions exceeded $9,000,000 US (Nine Million Dollars US). This dollar volume of business represents the major income stream of WORLDNET, without which its economic viability would be destroyed.

17. Once the economic lifeblood of WORLDNET was securely within the grasp and control of KLELINE/PARIBAS, Defendants HITTI and PARIBAS took steps to confiscate large sums of money due WORLDNET from its credit card transactions by threatening to terminate the services of KLELINE and withhold FRF 4,000,000 (Four Million French Francs) until March 31, 2000. To date, KLELINE/PARIBAS has withheld approximately $4,200,000 US from WORLDNET.

18. In September, 1999, both PARIBAS and HITTI sought to sell the 98 per cent ownership interest of PARIBAS in KLELINE to WORLDNET because KLELINE was losing over $14,000,000 US per year and PARIBAS was having to subsidize these losses, much to its corporate detriment. PARIBAS was seeking to merge with a larger European bank at the time, and the losses of the KLELINE subsidiary negatively impacted upon the merger.

19. HITTI and KLELINE/PARIBAS pressured WORLDNET into buying out the PARIBAS interest in KLELINE by cutting off all credit card processing and confiscating a large sum of money due to WORLDNET for a long enough period of time to severely cripple WORLDNET'S business and financial stability.

20. Accordingly, on October 7, 1999, defendant HITTI, individually and on behalf of Defendant KLELINE, and under the direction of Defendant PARIBAS entered into a written Agreement to negotiate the purchase of the PARIBAS interest in KLELINE by WORLDNET. A copy of said Agreement is attached hereto as Exhibit F.

21. At approximately the same time HITTI required WORLDNET to pay to him personally two separate sums of cash in U.S. Dollars by wire transferring the sums of $55,000 U.S. and $60,000 U.S. to the FATHER, AYHUB HITTI, in Lebanon. These payments were extorted from WORLDNET as a condition precedent for continuing to process credit card transactions through KLELINE.

22. Subsequently, HITTI and PARIBAS informed WORLDNET that they would not sell the PARIBAS interest in KLELINE to WORLDNET, since the contemplated merger had taken place and they now intended to increase the capitalization of KLELINE with their new resources of money derived from the merger. They would continue to operate KLELINE themselves, cut off the credit card processing for WORLDNET on October 31, 1999, and keep the FRF

4,000,000 (Four Million French Francs), in their own account as previously threatened until March 31, 2000.

23. During these negotiations, KLELINE followed a practice of wire transferring the monies due to WORLDNET in Florida to OCRAM in Liechtenstein instead, thereby subjecting these funds to the dominion and control of OCRAM/BENDE.

24. OCRAM/BENDE in turn only transferred to WORLDNET a part of the money previously transmitted by KLELINE to OCRAM, thereby causing WORLDNET to receive only approximately $5,000,000 US out of $9,000,000 due to it.

25. On or about November 5, 1999, the parties met in Paris, France, and agreed that all further wire transfers would be made directly from KLELINE to WORLDNET, however, thereafter KLELINE sent two wire transfers totaling approximately $1,300,000 US to OCRAM/BENDE, and OCRAM/BENDE now refuse to send these monies on to WORLDNET.

## COUNT I
## BREACH OF CONTRACT
## as to KLELINE and PARIBAS

26. This is an action for damages for breach of contract which exceed $75,000.

27. Plaintiff repeats and realleges paragraphs 1 through 25 above as though fully stated herein.

28. In February, 1999, WORLDNET entered into a contract with Defendants KLELINE and PARIBAS to process Internet credit card transactions through KLELINE. The terms of the Contract were embodied in the documents attached as Exhibits A through E inclusive, and the course of dealing established between the parties.

29. KLELINE is a wholly-owned subsidiary of Defendant PARIBAS; is under the daily, domination, direction and control of PARIBAS; utilizes the banking offices, facilities and bank

identification numbers (BIN #s) of PARIBAS to conduct its credit card processing business; and is therefore the agent and alter ego of PARIBAS.

30. Pursuant to said Contract, KLELINE and PARIBAS processed millions of dollars of Internet credit card transactions for WORLDNET, sending daily reconciliations and weekly payments directly to WORLDNET.

31. Pursuant to said Contract, WORLDNET forwarded millions of dollars of Internet credit card transactions to KLELINE and PARIBAS.

32. Defendant KLELINE and PARIBAS breached the aforesaid Contract with WORLDNET repeatedly, as follows:

a. In September, 1999, they stopped processing the Internet credit card transactions of WORLDNET without warning, and only resumed three days later after much negotiation.

b. They stood by mute as their representative and agent, HITTI, extorted two separate payments of money in amounts of $55,000 and $60,000 and had WORLDNET wire these monies to his FATHER in Lebanon, as a condition precedent to resuming credit card processing.

c. In September, 1999, they notified WORLDNET that all processing was to terminate on October 31, 1999.

d. In September, 1999, they notified WORLDNET that they had held back over FRF 4,000,000 (Four Million French Francs) in processing charges.

e. After expressly agreeing in November of 1999 to sell all future payments directly to WORLDNET, they sent approximately $1,3000,000 US to OCRAM/BENDE instead who now refused to turn over the money to

WORLDNET.

33. Plaintiff has been damaged by the breach of the Contract by KLELINE and PARIBAS; in the loss of operating capital; loss of monies due to it; loss of customers due to processing interruptions; and loss of ability to conduct business as usual on the Internet.

WHEREFORE Plaintiff demands judgment for damages against Defendants KLELINE and PARIBAS for all actual and consequential damages, together with the costs of this action, and for such other and further relief as in equity is just.

## COUNT II
## BREACH OF CONTRACT
## as to HITTI and KLELINE

34. This is an action for damages for breach of contract which exceed $75,000.

35. Plaintiff restates and realleges paragraphs 1 through 25 above as though fully stated herein.

36. On September 29, 1999, Defendants HITTI and KLELINE entered into a contract with WORLDNET to negotiate the purchase of the shares of PARIBAS in KLELINE. A copy thereof is attached hereto as Exhibit F.

37. Defendants HITTI and KLELINE breached this contract by refusing to make such negotiations and instead, convinced PARIBAS to utilize the capital of its new merger partner to pump more money into KLELINE and expand its operations under HITTI.

38. Defendants HITTI and KLELINE utilized the contract with WORLDNET to convince PARIBAS to fund the expansion plans of HITTI and KLELINE instead.

39. Plaintiff WORLDNET has been damaged by the self dealing and breach of contract of HITTI and KLELINE by the loss of the purchase of KLELINE from PARIBAS.

WHEREFORE Plaintiff demands judgment against Defendants HITTI and KLELINE for

damages, including all actual and consequential damages, and the costs and expenses of this action, and for such other and further relief as in equity is just.

## COUNT III
## FRAUD

40. This is an action for damages for common law fraud exceeding $75,000.

41. Plaintiff restates and realleges the allegations of paragraphs 1 through 25 as though fully stated herein.

42. At all times material hereto, Defendants HITTI and KLELINE acted both independently and on behalf of Defendant PARIBAS, their principal, all in concert and by and through their agents, Defendants OCRAM and BENDE.

43. Commencing in June of 1999, the Defendants engaged in a series of fraudulent acts and representations, each of which is independently actionable in and of itself and, when taken together, display an overall pattern of fraudulent intent and dealing.

44. The representations made by Defendants to WORLDNET were false when made; were known to Defendants to be false; and were intended to deceive and defraud.

45. Specifically, Defendants represented to WORLDNET that WORLDNET could utilize the credit card processing services on the same terms and stand in the same position vis-'a-vis Defendants as the Defendants' Sub-Licensee OCRAM, EST., a Liechtenstein corporation.

46. These representations are set forth in detail in numerous provisions of the Agreement for Computer Services (Exhibit A) and the Sub-License Agreement (Exhibit B) which provide that a "Supplier" (in this case, Plaintiff WORLDNET) WOULD HAVE THE "BENEFIT OF HIS (OCRAM's) rights to use the platform". The "platform" specifically is defined as the computer

"software modules ensuring via the Internet. the payment and authentication of the transactions between the Final Customer, the Supplier and KLELINE."

47. In reliance on these representations, WORLDNET, as a "Supplier" under the various agreements, transferred its credit card processing business to KLELINE and became dependent upon Defendants for the cash flow and continuation of its business.

48. Once WORLDNET became thoroughly dependent upon Defendants' processing of Credit card transactions, the Defendants then began to manipulate WORLDNET to extract monies which were not due to the Defendants as follows:

  a. They cut off all credit card processing entirely until two (2) separate payments were made personally to HITTI in the amounts of $55,000 and $60,000 by wire transfer of such monies to the FATHER, AYHUB HITTI, in Lebanon.

  b. They withheld over $4,000,000 US and have refused to account for such monies or pay same over to WORLDNET when demand was made.

  c. They have refused to pay interest on the $4,000,000 US while they have withheld these monies from WORLDNET.

  d. They continue to withhold monies due WORLDNET and refuse to account for or pay interest on same to WORLDNET.

  e. These wrongful holdbacks continue to increase the total sum of WORLDNET monies in the wrongful possession of Defendants on a daily basis.

  f. Even after agreeing on November 5, 1999, to send all future payments directly to WORLDNET, they sent approximately $1,300,000 US directly to OCRAM/BENDE.

49. WORLDNET has never consented to such holdbacks of money, nor did any of the

provisions of any of the agreements relied upon by WORLDNET represent that any such holdbacks would be made.

50. WORLDNET has been damaged directly by the loss of the monies due to it, by loss of its credit and reputation in the business community, by inability to operate its business as planned due to lack of cash flow caused by Defendants, and by loss of the use of monies due to it.

51. WORLDNET reserves the right to amend these pleadings to seek punitive damages upon presentation of record evidence sufficient to support same under Florida law.

WHEREFORE Plaintiff demands judgment for damages against Defendants, including all actual, consequential and, upon presentation of record evidence, punitive damages equal to 10 per cent of their net worth, together with the costs and expenses of this action and for such other and further relief as in equity is just.

## COUNT IV
## BREACH OF FIDUCIARY DUTY

52. This is an action for damages for breach of a fiduciary duty exceeding $75,000.

53. Plaintiff repeats and realleges the allegations of paragraphs 1 through 25 as though fully stated herein.

54. Defendants were under a fiduciary duty to Plaintiff with respect to all monies coming into their possession and control which belong to Plaintiff.

55. As a concomitant to their fiduciary duty, Defendants were under an affirmative obligation to timely remit all sums due to Plaintiff to Plaintiff, and to timely render an accounting of all monies coming into their possession which were due to Plaintiff.

56. Defendants breached that fiduciary duty by withholding and utilizing for their own

benefit over $4,000,000 US due to Plaintiff; by failing and refusing to account for same to Plaintiff; and by extorting payments directly to HITTI as a condition of continuing the processing of credit card transactions.

57. Plaintiff has been damaged by Defendant's breach of their fiduciary duty and self-dealing by the loss of substantial monies due to it exceeding $4,000,000 US, impairment of its business operations, and loss of monies wrongfully extorted from it.

58. Plaintiff reserves the right to seek punitive damages upon presentation of record evidence sufficient to support same under Florida law.

WHEREFORE Plaintiff demands judgment for damages, including all actual, consequential, and, upon presentation of record evidence sufficient to support same, punitive damages equal to 10 per cent of the net worth of Defendants, together with the costs of this action and for such other and further relief as in equity is just.

## COUNT V
## CIVIL THEFT

59. This is an action for damages for Civil Theft pursuant to Florida Statutes which exceed $15,000, and for treble statutory damages.

60. Plaintiff repeats and realleges the allegations of paragraphs 1 through 18 as though fully set forth herein.

61. Defendants' actions in withholding over $4,000,000 US without authority from Plaintiff and turning such monies to their own use, and in extorting two payments of $55,000 and $60,000 from plaintiff without authority constitute civil theft under Florida Statutes.

62. Plaintiff has been damaged by the wrongful acts of Defendants in the loss of use of its monies, impairment of its business, credit and reputation, and payment of sums extorted from

it by Defendants.

63. Plaintiff has been obligated to employ the services of the undersigned counsel and has agreed to pay a reasonable fee therefor, and is entitled to recover same under the Civil Theft provisions of Florida Statutes.

WHEREFORE Plaintiff demands judgment for damages including all actual and consequential damages, and punitive treble damages as authorized by Florida Statutes, together with the costs, expenses, attorneys fees of this action and for such other and further relief as in equity is just.

## DEMAND FOR JURY TRIAL

64. Plaintiff demands trial by jury of all issues so triable as by right.

                      LAW OFFICES OF JOHN C. RAYSON
                      Attorney for Plaintiff
                      Second Floor
                      2400 E. Oakland Park Blvd.
                      Fort Lauderdale, FL 33306
                      954-566-8855
                      954-566-8902(fax)

By: _____
     JOHN C. RAYSON, ESQUIRE
     Florida Bar No.: 204153

# ADDITIONAL ATTACHMENTS NOT SCANNED

PLEASE REFER TO COURT FILE

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

00-6026

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
WORLDNET COMPANIES, INC.

**DEFENDANTS** KLELine, a French corporation; Abdallah Hitti, individually; Ayhub Hitti, individually; Banque Paribas, a banking corporation operating under the laws of France; Ocram Est., a Liechtenstein corp., and Michael Bende, individually

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Paris, France
(IN U.S. PLAINTIFF CASES ONLY)

A-NORTH-6026 WDF/LSS

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John C. Rayson
2400 E. Oakland Park Blvd.
Fort Lauderdale, FL 33306

ATTORNEYS (IF KNOWN)
MAGISTRATE JUDGE
SNOW

CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- 1 U.S. Government Plaintiff
- 2 U.S. Government Defendant
- 3 Federal Question (U.S. Government Not a Party)
- X 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | X 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | X 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

[Nature of suit categories listed - illegible in detail]

**VI. CAUSE OF ACTION**
Breach of contract, fraud, civil theft
28 U.S.C. §1332

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** 12,000,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** X YES  □ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE 1/7/00
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 518252  AMOUNT 150.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____