UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
------------------------------------------------------------- x
WORLDNET COMPANIES, INC.                          :
A Florida Corporation,                            :
                                                  :        Case No.:
                              Plaintiff,          :        00-6026 CIV-FERGUSON
                                                  :
              - against -                         :        **ANSWER OF**
                                                  :        **DEFENDANT PARIBAS**
KLELine, a Limited Company, a corporation         :
incorporated under the laws of France;            :
ABDALLAH HITTI, individually;                     :
AYHUB HITTI, individually;                        :
BANQUE PARIBAS S.A., a banking corporation        :
incorporated under the laws of France;            :
OCRAM EST., a Liechtenstein corporation; and      :
MICHAEL BENDE, individually,                      :
                                                  :
                              Defendants.         :
                                                  :
------------------------------------------------------------- x



        Defendant Paribas (formerly known as Banque Paribas S.A.), by its attorneys,

Weil, Gotshal & Manges LLP, as and for its answer to the complaint (the "Complaint") of

plaintiff WorldNet Companies, Inc. ("WorldNet"), states as follows:

        1.      Denies the allegations contained in Paragraph 1 of the Complaint, except

admits that plaintiff purports to seek damages on each of its claims in excess of $75,000 and/or

punitive damages plus costs and attorneys' fees.

        2.      Denies knowledge or information sufficient to form a belief as to the

allegations contained in Paragraph 2 of the Complaint.

3.    Denies the allegations contained in Paragraph 3 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations about plaintiff or against defendants other than Paribas.

4.    Denies the allegations contained in Paragraph 4 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas.

5.    Denies the allegations contained in Paragraph 5 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations about plaintiff or against defendants other than Paribas.

6.    Denies the allegations contained in Paragraph 6 of the Complaint, except admits that KLELine is a corporation organized under the laws of France and is headquartered in Paris, France.

7.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Complaint, except denies upon information and belief that KLELine or Abdallah Hitti entered into contractual relationships with WorldNet (i) to provide the banking services of KLELine and Paribas to WorldNet or (ii) to require the sale by Paribas of any interest in KLELine.

8.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint, except denies that Paribas extorted any money from WorldNet.

9.      Denies the allegations contained in Paragraph 9 of the Complaint, except admits that Paribas is a banking corporation, and avers that Paribas is organized under the laws of France, with its headquarters in Paris, France, and that Paribas maintains offices in several countries, including the United States, but not in Florida.

10.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint, except denies that Ocram, Est. ("Ocram") (i) is or was the agent of KLELine/Paribas as alleged therein or (ii) contracted with WorldNet to supply credit card transactions for processing by KLELine/Paribas as alleged therein.

11.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Complaint.

12.     Denies the allegations contained in Paragraph 12 of the Complaint as against Paribas, including insofar as it alleges that any other defendant acted on Paribas' behalf; and otherwise denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas.

13.     Denies the allegations contained in Paragraph 13 of the Complaint, except admits that KLELine is a corporation and maintains a corporate structure separate and apart from that of Paribas.

14.     Denies the allegations contained in Paragraph 14 of the Complaint as against Paribas, including insofar as it alleges that any other defendant acted on Paribas' behalf;

and otherwise denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas.

15.     Denies the allegations contained in Paragraph 15 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas, and refers to Exhibits A-E referenced therein for a complete and accurate statement of their contents.

16.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Complaint, except denies that Paribas made any representations to WorldNet.

17.     Denies the allegations contained in Paragraph 17 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas.

18.     Denies the allegations contained in Paragraph 18 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas.

19.     Denies the allegations contained in Paragraph 19 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas.

20.     Denies the allegations contained in Paragraph 20 of the Complaint as against Paribas, including insofar as it alleges that any other defendant acted on Paribas' behalf;

and otherwise denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas; and refers to Exhibit F referenced therein for a complete and accurate statement of its contents.

21.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint.

22.    Denies the allegations contained in Paragraph 22 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas.

23.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint.

24.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Complaint.

25.    Admits that on or about November 4, 1999, Abdallah Hitti (on behalf of KLELine), Nicholas Nolter (who purported to represent WorldNet), Michael Bende (who purported to represent Ocram) and a representative of Paribas met in Paris, France, and that on or about November 5, 1999, a Memorandum of Understanding (the "MOU") was signed by KLELine and WorldNet, which MOU, according to WorldNet, was signed by Ocram on or about November 14, 1999; refers to the MOU for a complete and accurate statement of its contents; denies the remaining allegations as to Paribas; and otherwise denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 25.

26.     Denies the allegations contained in Paragraph 26 of the Complaint, except admits that plaintiff purports to seek damages for supposed breach of contract in excess of $75,000.

27.     Paribas incorporates by reference its response to each of the allegations contained in Paragraphs 1-25 of the Complaint set forth above as if fully set forth herein.

28.     Denies the allegations contained in Paragraph 28 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas, and refers to Exhibits A-E referenced therein for a complete and accurate statement of their contents.

29.     Denies the allegations contained in Paragraph 29 of the Complaint.

30.     Denies the allegations contained in Paragraph 30 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas.

31.     Denies the allegations contained in Paragraph 31 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas.

32.     Denies the allegations contained in Paragraph 32 of the Complaint, except to the extent that Paragraph 32 contains conclusions of law, as to which no response is required; and denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas.

33.    Denies the allegations contained in Paragraph 33 of the Complaint, except
to the extent that Paragraph 33 contains conclusions of law, as to which no response is required;
and denies knowledge or information sufficient to form a belief as to the allegations about
plaintiff or against defendants other than Paribas.

34-39    Avers that, as to Paribas, no responsive pleading is required, as the
allegations contained in Paragraphs 34-39 of the Complaint are pled solely as against other
parties.  To the extent any pleading is made as to Paribas, Paribas denies same.

40.    Denies the allegations contained in Paragraph 40 of the Complaint, except
admits that plaintiff purports to seek damages for supposed common law fraud in excess of
$75,000.

41.    Paribas incorporates by reference its response to each of the allegations
contained in Paragraphs 1-25 of the Complaint set forth above as if fully set forth herein.

42.    Denies the allegations contained in Paragraph 42 of the Complaint as
against Paribas, including insofar as it alleges that any other defendant acted on Paribas' behalf;
and otherwise denies knowledge or information sufficient to form a belief as to the allegations
against defendants other than Paribas.

43.    Denies the allegations contained in Paragraph 43 of the Complaint, except
to the extent that Paragraph 43 contains conclusions of law, as to which no response is required;
and denies knowledge or information sufficient to form a belief as to the allegations against
defendants other than Paribas.

44.    Denies the allegations contained in Paragraph 44 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas.

45.    Denies the allegations contained in Paragraph 45 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas.

46.    Denies the allegations contained in Paragraph 46 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas, and refers to Exhibits A and B referenced therein for a complete and accurate statement of their terms.

47.    Denies the allegations contained in Paragraph 47 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas.

48.    Denies the allegations contained in Paragraph 48 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas.

49.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of the Complaint, except avers that in the MOU, WorldNet did agree to certain holdbacks of funds.

50.    Denies the allegations contained in Paragraph 50 of the Complaint, except to the extent that Paragraph 50 contains conclusions of law, as to which no response is required; and denies knowledge or information sufficient to form a belief as to the allegations about plaintiff or against defendants other than Paribas.

51.    Avers that Paragraph 51 is a declarative statement to which no responsive pleading is required, except denies that Paribas is liable to plaintiff for punitive or any other alleged damages.

52.    Denies the allegations contained in Paragraph 52 of the Complaint, except admits that plaintiff purports to seek damages for supposed breach of a fiduciary duty in excess of $75,000.

53.    Paribas incorporates by reference its response to each of the allegations contained in Paragraphs 1-25 of the Complaint set forth above as if fully set forth herein.

54.    Denies the allegations contained in Paragraph 54 of the Complaint, except to the extent that Paragraph 54 contains conclusions of law, as to which no response is required; and denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas.

55.    Denies the allegations contained in Paragraph 55 of the Complaint, except to the extent that Paragraph 55 contains conclusions of law, as to which no response is required; and denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas.

56.    Denies the allegations contained in Paragraph 56 of the Complaint, except to the extent that Paragraph 56 contains conclusions of law, as to which no response is required; and denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas.

57.    Denies the allegations contained in Paragraph 57 of the Complaint, except to the extent that Paragraph 57 contains conclusions of law, as to which no response is required; and denies knowledge or information sufficient to form a belief as to the allegations about plaintiff or against defendants other than Paribas.

58.    Avers that Paragraph 58 is a declarative statement to which no responsive pleading is required, except denies that Paribas is liable to plaintiff for punitive or any other alleged damages.

59.    Denies the allegations contained in Paragraph 59 of the Complaint, except admits that plaintiff purports to seek damages for supposed civil theft pursuant to Florida Statutes in excess of $15,000, and for treble statutory damages.

60.    Paribas incorporates by reference its response to each of the allegations contained in Paragraphs 1-18 of the Complaint set forth above as if fully set forth herein.

61.    Denies the allegations contained in Paragraph 61 of the Complaint, except to the extent that Paragraph 61 contains conclusions of law, as to which no response is required; and denies knowledge or information sufficient to form a belief as to the allegations against defendants other than Paribas.

62.     Denies the allegations contained in Paragraph 62 of the Complaint, except to the extent that Paragraph 62 contains conclusions of law, as to which no response is required; and denies knowledge or information sufficient to form a belief as to the allegations about plaintiff or against defendants other than Paribas.

63.     Denies the allegations contained in Paragraph 63 of the Complaint, except to the extent that Paragraph 63 contains conclusions of law, as to which no response is required.

64.     Avers that Paragraph 64 is a declarative statement to which no responsive pleading is required, except denies that the claims presented in the Complaint are subject to trial by jury.

## AS AND FOR PARIBAS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

65.     The Complaint should be dismissed because the Court lacks subject matter jurisdiction over this action.

### SECOND AFFIRMATIVE DEFENSE

66.     The Complaint should be dismissed because the Court lacks personal jurisdiction over Paribas.

### THIRD AFFIRMATIVE DEFENSE

67.     The Complaint should be dismissed because venue is improper in this District.

## FOURTH AFFIRMATIVE DEFENSE

68.    The Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

## FIFTH AFFIRMATIVE DEFENSE

69.    The Complaint should be dismissed because of plaintiff's failure to join indispensable parties.

## SIXTH AFFIRMATIVE DEFENSE

70.    The Complaint should be dismissed because it fails to state a claim upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

71.    The Complaint should be dismissed by reason of insufficiency of service of process.

## EIGHTH AFFIRMATIVE DEFENSE

72.    Plaintiff's claims are barred in whole or in part because plaintiff lacks standing to assert them.

## NINTH AFFIRMATIVE DEFENSE

73.    The Complaint should be dismissed because plaintiff's claims are required to be litigated exclusively in France pursuant to the agreements upon which plaintiff purports to rely.

## TENTH AFFIRMATIVE DEFENSE

74.    Under French law, to wit, Article XIV of the Civil Code of the Republic of France, Paribas is entitled as a matter of law to have any dispute between plaintiff and Paribas heard in a French court of law.

## ELEVENTH AFFIRMATIVE DEFENSE

75.    Any injury or damage suffered by plaintiff was a result of actions of others, not Paribas.

## TWELFTH AFFIRMATIVE DEFENSE

76.    Plaintiff's claims are barred because no contractual relationship existed between plaintiff and Paribas.

## THIRTEENTH AFFIRMATIVE DEFENSE

77.    Plaintiff's claims are subject in whole or in part to interpleader relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

78.    Plaintiff's claims are barred by plaintiff's own unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

79.    Plaintiff is estopped from asserting the claims alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

80.    Plaintiff's claims are barred by the doctrine of waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

81.    Plaintiff's claims are barred by the doctrine of laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

82.    Neither KLELine, Abdallah Hitti, Ocram, Michael Bende or any other party in this case is or was the agent or alter ego of Paribas.

## NINETEENTH AFFIRMATIVE DEFENSE

83.    This action should be stayed or dismissed because of an action that has been filed in the Tribunal de Commerce de Paris, Republic of France, entitled: La Societe KLELine v. La Societe Ocram, Est., La Societe Inmobiliaria Bonsai S.A., La Societe WorldNet Companies, Inc., Nicholas Nolter, and Michael Bende.

## TWENTIETH AFFIRMATIVE DEFENSE

84.    Plaintiff has failed to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

85.    To the extent that plaintiff's allegations in Paragraphs 21, 32(b) and 48(a) are true, plaintiff's claims should be dismissed as contrary to public policy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

86.    Plaintiff's claims are barred because they seek damages from Paribas that were not caused by Paribas and that would result in the unjust enrichment of plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

87.    Insofar as plaintiff's Complaint seeks the recovery of attorneys' fees, those claims are barred because they fail to state facts sufficient to support a claim for attorneys' fees.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

88.    Insofar as plaintiff's Complaint seeks the recovery of punitive damages, those claims are barred because they fail to state facts sufficient to support a claim for punitive damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

89.    To the extent that plaintiff's requested relief seeks damages from Paribas, it would deprive Paribas of its property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

90.    Some or all of the damages or injuries allegedly suffered by plaintiff, if any, were caused, or contributed to, either wholly or partially, by the conduct or fault of plaintiff or persons other than Paribas, and plaintiff is thereby barred, in whole or in part, from the claims alleged herein.

WHEREFORE, defendant Paribas asks this Court to enter judgment:

(a)    dismissing the Complaint against Paribas in all respects, with prejudice;

(b)    awarding Paribas its costs and disbursements incurred in this action, including reasonable attorneys' fees; and

(d)    granting Paribas such other and further relief as the Court may deem just and proper.

Dated:     Miami, Florida
           March 24, 2000

_____
Edward Soto
Florida Bar No. 265144
Gina A. Dombosch
Florida Bar No. 0087343
**WEIL, GOTSHAL & MANGES LLP**
701 Brickell Avenue, Suite 2100
Miami, Florida 33131
(305) 577-3155

-and-

Irwin H. Warren
John A. Neuwirth
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York  10153
(212) 310-8000

Attorneys for Defendant Paribas

## CERTIFICATE OF SERVICE

I, Gina A. Dombosch, hereby certify that a copy of the foregoing was sent by overnight mail on this 24th day of March, 2000 to John C. Rayson, Esq. LAW OFFICES OF JOHN C. RAYSON Second Floor 2400 E. Oakland Park Blvd. Fort Lauderdale, Florida 33306

_____
Gina A. Dombosch