UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WORLDNET COMPANIES, INC.,
A Florida Corporation,

           Plaintiff,

  -against-                          CASE NO.: 00-6026-CIV-FERGUSON

KLELine, a Limited Company, a
corporation incorporated under the laws of
France; ABDALLAH HITTI, individually;
AYHUB HITTI, individually; BANQUE
PARIBAS S.A., a banking corporation
incorporated under the laws of France;
OCRAM EST., a Liechtenstein
corporation; and MICHAEL BENDE,
individually,

           Defendants.



## ANSWER OF DEFENDANT KLELINE

Defendant KLELine, S.A. ("KLELine") by its attorneys Winthrop, Stimson, Putnam & Roberts, answers the complaint of Plaintiff Worldnet Companies, Inc. ("Worldnet") as follows:

    1.    Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 1, except denies that plaintiff has suffered any damages for which KLELine is liable.

    2.    Denies the allegations of Paragraph 2.

    3.    Denies the allegations of Paragraph 3.

    4.    Denies the allegations of Paragraph 4.

63216804.05



5.  Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 5, except denies that KLELine contracted with plaintiff to provide banking services to plaintiff in Florida.

6.  Denies the allegations of Paragraph 6, except admits that KLELine is a French corporation which does business in Paris, France.

7.  Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 7, except admits that defendant Abdallah Hitti was an officer of KLELine, and denies that KLELine or Abdallah Hitti entered into contractual relationships with Worldnet to provide the banking services of KLELine and Paribas to Worldnet.

8.  Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 8, except denies that defendant KLELine extorted monies from plaintiff as alleged therein.

9.  Upon information and belief, admits that defendant Paribas is a French banking corporation with offices in many countries, and denies knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 10, except denies that defendant Ocram EST ("Ocram") was the agent of KLELine or "KLELine/Paribas" as alleged therein.

11. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 11.

12. Denies the allegations of Paragraph 12.

63216804.05

13. Denies the allegations of Paragraph 13, except admits that KLELine maintains a corporate structure separate from defendant Paribas.

14. Denies the allegations of Paragraph 14, except admits that KLELine and Ocram entered into certain written arrangements pursuant to which KLELine agreed to provide secured payment transaction services to Ocram.

15. Denies the allegations of Paragraph 15.

16. Denies the allegations of Paragraph 16.

17. Denies the allegations of Paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 18.

19. Denies the allegations of Paragraph 19.

20. Denies the allegations of Paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 22.

23. Denies the allegations of Paragraph 23, except admits that from time to time, KLELine made electronic funds transfers to defendant Ocram.

24. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 24.

25. As to paragraph 25, admits that on or about November 4, 1999, KLELine met with Mr. Nicholas Nolter, who purported to represent a Costa Rican entity known as WorldNet Companies, Inc. ("WorldNet Companies") with head offices in San Jose, Costa

Rica, to discuss WorldNet Companies' demand that certain electronic funds transfers be made directly from KLELine to a WorldNet Companies bank account and that a written agreement regarding such transfers was entered into on or about November 5, 1999 which was signed by KLELine and WorldNet, and which was, according to WorldNet, signed by defendant Ocram on or about November 14, 1999. KLELine respectfully refers the Court to said written agreement for a complete description of its contents, terms and conditions. Admits that KLELine made two electronic funds transfers to defendant Ocram on or about November 15 and November 22, 1999, totaling in the aggregate approximately $1,233,344. Denies knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 26, except denies that plaintiff has suffered any damages for which KLELine is liable.

27. Incorporates and realleges its answers to Paragraphs 1-25, inclusive.

28. Denies the allegations of Paragraph 28.

29. Denies the allegations of Paragraph 29.

30. Denies the allegations of Paragraph 30.

31. Denies the allegations of Paragraph 31.

32. Denies the allegations of Paragraph 32.

33. Denies the allegations of Paragraph 33.

34. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 34, except denies that plaintiff has suffered any damages for which KLELine is liable.

63216804.05

35. Incorporates and realleges its answers to Paragraphs 1-25 above, inclusive.

36. Denies the allegations of Paragraph 36.

37. Denies the allegations of Paragraph 37.

38. Denies the allegations of Paragraph 38.

39. Denies the allegations of Paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 40, except denies that plaintiff has suffered any damages for which KLELine is liable.

41. Incorporates and realleges its answers to Paragraphs 1-25 above, inclusive.

42. Denies the allegations of Paragraph 42.

43. Denies the allegations of Paragraph 43.

44. Denies the allegations of Paragraph 44.

45. Denies the allegations of Paragraph 45.

46. Denies the allegations of Paragraph 46.

47. Denies the allegations of Paragraph 47.

48. Denies the allegations of Paragraph 48.

49. Denies the allegations of Paragraph 49.

50. Denies the allegations of Paragraph 50.

51. Avers that Paragraph 51 is a declarative statement as to which no responsive pleading is required, except denies that KLELine is liable to plaintiff for punitive damages.

63216804.05

52. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 52, except denies that plaintiff has suffered any damages for which KLELine is liable.

53. Incorporates and realleges its answers to Paragraphs 1-25 above, inclusive.

54. Denies the allegations of Paragraph 54.

55. Denies the allegations of Paragraph 55.

56. Denies the allegations of Paragraph 56.

57. Denies the allegations of Paragraph 57.

58. Avers that Paragraph 58 is a declarative statement to which no responsive pleading is required, except denies that KLELine is liable to plaintiff for punitive damages.

59. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 59, except denies that plaintiff has suffered any damages for which KLELine is liable.

60. Incorporates and realleges its answers to Paragraphs 1-25 above, inclusive.

61. Denies the allegations of Paragraph 61.

62. Denies the allegations of Paragraph 62.

63. Denies the allegations of Paragraph 63.

64. Avers that Paragraph 64 is a declarative statement to which no responsive pleading is required, except denies that the issues presented herein are subject to trial by jury.

## FIRST AFFIRMATIVE DEFENSE

1. This Court lacks jurisdiction over the subject matter of this action.

63216804.05

## SECOND AFFIRMATIVE DEFENSE

2. This Court lacks personal jurisdiction over the person of defendant KLELine.

## THIRD AFFIRMATIVE DEFENSE

3. The complaint should be dismissed because it fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

4. The complaint should be dismissed by reason of insufficiency of service of process.

## FIFTH AFFIRMATIVE DEFENSE

5. The complaint should be dismissed by reason of the doctrine of *forum non conveniens*.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred in whole or in part because plaintiff lacks standing to assert them.

## SEVENTH AFFIRMATIVE DEFENSE

7. The complaint should be dismissed by reason of improper venue.

## EIGHTH AFFIRMATIVE DEFENSE

8. The complaint should be dismissed by reason of plaintiff's failure to join indispensable parties.

63216804.05

## NINTH AFFIRMATIVE DEFENSE

9. The complaint should be dismissed by reason of the fact that plaintiff's claims, if any, are required to be litigated exclusively in France, pursuant to the agreements on which plaintiff purports to rely.

## TENTH AFFIRMATIVE DEFENSE

10. Under French law, to wit, Article XIV of the Civil Code of the Republic of France, KLELine is entitled as a matter of law to have the disputes between plaintiff and KLELine heard in a French court of law.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred in whole or in part because the alleged conduct of KLELine was not a proximate cause of the loss or damage, if any, to plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred in whole or in part because no contractual relationship existed between plaintiff and KLELine.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims as against KLELine are subject in whole or in part to a right of interpleader by KLELine.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred in whole or in part by reason of the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred in whole or in part by reason of the doctrine of estoppel.

63216804.05

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred in whole or in part by reason of the doctrine of waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's cause of action should be stayed or dismissed by reason of an action filed in the Tribunal de Commerce de Paris, Republic of France, entitled: *La Société KLELine v. La Société OCRAM, Est., La Société Immobiliara Bonsaï S.A., La Société Worldnet Companies, Inc., Nicholas Nolter, and Michael Bende.*

WHEREFORE, defendant KLELine, S.A. demands judgment against plaintiff:

(i) dismissing the complaint with prejudice and denying each and every request for relief set forth therein;

(ii) awarding KLELine the costs and disbursements of this action; and

(iii) granting KLELine such other and further relief as the Court may deem just and equitable.

63216804.05

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 24th day of March, 2000, to the persons listed on the attached service list.

Respectfully submitted,

WINTHROP STIMSON PUTNAM & ROBERTS
125 Worth Avenue, Suite 310
Palm Beach, FL 33480
Tel: (561) 655-7297
Fax: (561) 833-6726

By: *William D. McEachern*
    William D. McEachern
    Florida Bar No.: 327107

63216804.05

Dated: Palm Beach, Florida
       March 24, 2000

                                    WINTHROP, STIMSON, PUTNAM &
                                    ROBERTS

By: /s/ William D. McEachern
            William McEachern
            (Florida Bar No. 0327107)

125 Worth Avenue
Palm Beach, Florida 33480
(561) 655-7297

-and-

One Battery Park Plaza
New York, New York 10004
(212) 858-1000

Attorneys for defendant KLELine S.A.

Of Counsel:   William McEachern
                   Mark R. Hellerer
                   David A. Crichlow

63216804.05

# SERVICE LIST
*Worldnet Companies, Inc. v. Kleline, et al.*
Case No. 00-6026-CIV-FERGUSON

John C. Rayson, Esq.
Law Offices of John C. Rayson
2400 E. Oakland Park Blvd., 2nd Floor
Fort Lauderdale, FL 33306
(954) 566-8855

Attorney for Plaintiff

Les S. Osborne, Esq.
Furr and Cohen, P.A.
1499 W. Palmetto Park Road, Suite 412
Boca Raton, FL 33486
(561) 395-0500

Attorneys for Defendant Michael Bende

Edward Soto, Esq.
Weil, Gotshal & Manges, LLP
701 Brickell Avenue, Sutie 2100
Miami, FL 33131
(305) 577-3155

-- and –

Irwin H. Warren, Esq.
John Neuwirth, Esq.
Weil, Gotschal & Manges, LLP
767 Fifth Avenue
New York, NY 10153

Attorneys for Defendant Banque Paribas S.A.

10514972.01