UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6026 CIV-Ferguson
Magistrate Judge Snow

WORLDNET COMPANIES, INC.
a Florida corporation

    Plaintiff

v.

KLELINE, a Limited Company,
a corporation incorporated under the law of
France, ABDALLAH HITTI, individually;
AYHUB HITTI, INDIVIDUALLY;
BANQUE PARIBAS S.A., a banking corporation
incorporated under the laws of France;
OCRAM EST., a Liechtenstein corporation; and
MICHAEL BENDE, individually

    Defendants



_____/

## OCRAM'S RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT UPON DEFAULT AND AFFIDAVIT IN SUPPORT THEREOF

Defendant OCRAM, by and through its undersigned counsel does hereby respond to

Plaintiff's Motion for Judgment Upon Default and Affidavit in Support Thereof pursuant to

Federal Rule of Civil Procedure 55(b) and S.D. Fla. L. R. 7.1A.1(e) as follows:

1. Defendant OCRAM filed this Motion to Vacate Clerk's Default on May 1, 2000.

2. Defendant OCRAM filed its Amended Motion to Vacate Clerk's Enter of Default

on May 3, 2000.

3. In its Motion for Judgment Upon Default, Plaintiff is requesting a judgment in its

favor and as against Defendant OCRAM for Three Million, One Hundred Fifty-Seven Thousand,



Eight Hundred Eighty-Five Dollars and Forty-Nine Cents ($3,157,885.49) as a result of the entry of the Clerk's Default in this regard.

4.  The merits of the above-styled matter have not been litigated. What is more, Defendant OCRAM would be greatly prejudiced and an entry of a Judgment on Default against it as this is a greatly substantial figure, not a perfunctory, token dollar amount.

5.  In addition, public policy would dictate a litigation on the merits of the matter for such a substantial dollar amount as opposed to an ultimate windfall by Plaintiff as against Defendant OCRAM and possibly, potentially counsel for Defendant, MICHAEL BENDE, individually.

6.  A Judgment upon Clerk's perfunctory Default as against OCRAM could mean the ruination of that company financially, all as a result of a simple misunderstanding regarding miscommunication between the parties regarding past, currently and future representation. Defendant OCRAM has sought out the undersigned law firm in an effort to void these clerical and miscommunication problems throughout the course of the above-styled litigation.

WHEREFORE, Defendant OCRAM again respectfully requests this Honorable Court vacate the Clerk's Default entered against it on April 3, 2000 and afford Defendant OCRAM ten (10) days in which to file its response to Plaintiff's Complaint in this regard and for such other and further relief

I HEREBY CERTIFY that a copy of the foregoing was furnished to Charles Cohen, Esq. and Leslie Scott Osborne, Furr and Cohen, P.A., Attorneys for BENDE, 1499 West Palmetto Park Road, Suite 412, Boca Raton, Florida; to John C. Rayson, Esq., Attorney for PLAINTIFF, 2400 East Oakland Park Boulevard, Fort Lauderdale, Florida 33306; William D. McEachern, Esq., Winthrop, Stimson, Putman & Roberts, Attorneys for KLELINE, 125 Worth Avenue, Suite

310, Palm Beach, Florida 33480; Gina Anne Dombosch, Esq., Valerie Greenberg, Itkoff, Esq., and Edward Soto, Esq., Weil Gotshal & Manges, Attorneys for BANQUE PARIBAS, S.A. 701 Brickell Avenue, Suite 2100, Miami, Florida, this 5th day of _May_, 2000.

LAVALLE, BROWN, RONAN & SOFF, P.A.

Attorneys for OCRAM
750 South Dixie Highway
Boca Raton, Florida 33432
(561) 394-9280 (Boca Raton)
(800) 795-0995

LAWRENCE K. FAGAN, ESQUIRE
FLORIDA BAR NO.: 999857