UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6026-CIV-FERGUSON/SNOW

WORLDNET COMPANIES, INC.,
a Florida corporation,
    Plaintiff,

vs.

KLELINE, a Limited Company,
a corporation incorporated under the laws
of France, ABDALLAH HITTI, individually,
AYHUB HITTI, individually,
BANQUE PARIBAS S.A., a banking
corporation incorporated under the laws of France,
OCRAM EST., a Liechtenstein corporation, and
MICHAEL BENDE, individually,
    Defendants.
_____/

**NIGHT BOX FILED**

**MAY 1 8 2000**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT OCRAM'S AMENDED MOTION TO VACATE CLERK'S ENTRY OF DEFAULT

COMES NOW the Plaintiff, WORLDNET COMPANIES, INC., by and through undersigned counsel and pursuant to S.D. Fla. L.R. 7.1 C, and files this Response and Memorandum of Law in Opposition to OCRAM's Amended Motion to Vacate Clerk's Entry of Default and states as follows:

1. On March 31, 2000, the Clerk of the Court entered a Clerk's Default against Defendant OCRAM EST. ("OCRAM") for failing to appear, answer or otherwise defend this action.

2. Over one month later, on May 1, 2000, OCRAM, through its counsel, filed a Motion

1



to Vacate Clerk's Entry of Default. On May 3, 2000, OCRAM filed an Amended Motion to Vacate Clerk's Entry of Default.

3. OCRAM fails to justify its default and, as of this date, still has not filed a Answer or an appropriate response to Plaintiff's Complaint.

4. As grounds for setting aside the default, OCRAM points to "excusable mutual mistake and/or excusable neglect." Specifically, the mistake and/or neglect cited by OCRAM is that OCRAM thought it had counsel.

5. OCRAM's request for relief from the default is insufficient for several reasons. First, OCRAM failed to comply with S.D. Fla. L.R. 7.1 A. 1, in that neither its Motion nor its Amended Motion was accompanied by a memorandum of law. Thus, OCRAM offers no supporting authority for its Motion.

6. Second, OCRAM fails to satisfy the prerequisites for relief from default. In order to vacate entry of default, the moving party must establish: (1) good cause for default; (2) quick action to correct it; and (3) a meritorious defense to the Complaint. Pretzel & Stouffer v. Imperial Adjusters, 28 F.3d 42 (7th Cir. 1994).

7. OCRAM does not establish good cause for defaulting. The reason cited in its Amended Motion is that OCRAM thought it had counsel. Such a lack of communication between a party and its counsel does not establish good cause. Id. at 45 (citing C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1207 (7th Cir. 1984)).

8. Furthermore, OCRAM did not take quick action to correct the default, as required by law. Instead, OCRAM waited over a month after entry of default to file its Motion to vacate the default and still has not filed an Answer or response to the Complaint.

9. Finally, OCRAM fails to raise a meritorious defense and does not even claim to have a defense at all. OCRAM should have established its defense in its Amended Motion or, at the very least, indicated to the Court that it did have a meritorious defense. As OCRAM has failed to even address that requirement, its Amended Motion is insufficient.

WHEREFORE, the Plaintiff, having responded to OCRAM's Amended Motion, respectfully requests that this Court let the default entered on March 31, 2000 stand.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail on May 17, 2000 upon the parties according to the attached service list.

LAW OFFICES OF JOHN C. RAYSON
2400 East Oakland Park Blvd.
Fort Lauderdale, FL 33306
(954) 566-8855
(954) 566-8902 (Telefax)

By: _____, for
JOHN C. RAYSON, ESQ.
Florida Bar No. 204153

3

**SERVICE LIST**
Worldnet Companies, Inc., vs. KLELine, et. al.
Case No.: 00-6026-CIV-FERGUSON

Les S. Osborne, Esq.
Furr and Cohen, P.A.
1499 W. Palmetto Park Rd., Suite 412
Boca Raton, FL 33486
561-395-0500
Attorneys for Defendant Michael Bende

Edward Soto, Esq.
Weil Gotshal & Manges, LLP
701 Brickell Ave., Suite 2100
Miami, FL 33131
305-577-3155

and

Irwin H. Warren, Esq.
John Neuwirth, Esq.
Weil, Gotshall & Manges, LLP
767 Fifth Ave.
New York, NY 10153
Attorneys for Defendant Paribas

William McEachern
Winthrop, Stimson, Putnam & Roberts
125 Worth Ave.
Palm Beach FL 33480
561-655-7297

and
Winthrop, Stimson, Putnam & Roberts
One Battery Park Plaza
New York, NY 10004
212-858-1000
Attorneys for Defendant KLELine

Lawrence K. Fagan
LaValle, Brown, Ronan & Soff, P.A.
750 S. Dixie Hwy.
Boca Raton, FL 33432
561-394-9280
Attorneys for Ocram, Est.