UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6026 CIV-Ferguson
Magistrate Judge Snow

WORLDNET COMPANIES, INC.
a Florida corporation

    Plaintiff

v.

KLELINE, a Limited Company,
a corporation incorporated under the law of
France; ABDALLAH HITTI, individually;
AYHUB HITTI, INDIVIDUALLY;
BANQUE PARIBAS S.A., a banking corporation
incorporated under the laws of France;
OCRAM EST., a Liechtenstein corporation; and
MICHAEL BENDE, individually

    Defendants

_____/

FILED by _____ D.C.

MAY 2 4 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## DEFENDANT, OCRAM EST.'S REPLY TO PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT OCRAM'S AMENDED MOTION TO VACATE CLERK'S ENTRY OF DEFAULT

Defendant, OCRAM EST. ("OCRAM"), by and through its undersigned counsel does hereby reply to Plaintiff's Response and Memorandum of Law in Opposition to Defendant OCRAM's Amended Motion to Vacate Clerk's Entry of Default pursuant to Fed.R.Civ.P. 55(c) and 60(b)(1) as follows:

1.     Immediately upon learning of the Clerk's Default, OCRAM filed its Motions to Vacate. See attached Exhibit "A" and "B".

2.     Pursuant to S.D. Fla. L.R 7.1A1, doubt on a Motion to Set Aside a Default Judgment should be resolved in favor of judicial decision on merits of a case, and technical error



slight mistake by an attorney should not deprive a party of the opportunity to present true merits of his claims, but counter-veiling factors are the other parties' and society's interests in finality of judgment and avoidance of prejudice. Fed.R.Civ.P. 60(b) 28 U.S.C.A., Blois v. Friday, 612 F.2d 938 (Fla.) 1980.

3. In addition, Default Judgments are not favored; there is strong public policy in favor of resolving lawsuits by a trial on the merits; Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc., 107 F.R.D. 665 (S.D. Fla. 1985).

4. For purposes of showing that good reason existed for failing to reply to a Complaint, as necessary to set aside Default, technical error or slight mistake by party's attorney should not deprive a party of the opportunity to present the merits of the claim. Fed.R.Civ.P. 60(b)(1) 28 U.S.C.A.; Florida Physician's Insurance Co., Inc. v. Ehlers, 8 F3d 780 (Fla.) 1993.

5. The case is at the very early stages of the proceedings and the Motion to Vacate Clerk's Default is made within a reasonable time. In addition, the entry of Clerk's Default unfairly prejudices only OCRAM for its non-willful, inadvertent conduct.

6. In addition, OCRAM took quick action to apprise the Court of the situation to cure said Default and OCRAM further indicates that it has a meritorious defense to the Complaint as filed against it.

7. OCRAM had good cause for not responding to Plaintiff's Complaint as against it as service was not effectuated on it properly and a notice of appearance was inadvertently not entered on its behalf.

8. OCRAM diligently responded after the entry of Default against it. It further has a meritorious defense which could change the outcome of the case if proven, and its good cause for failing to answer the Complaint against it or any excusable neglect on behalf of Defendant,

BENDE's counsel and inappropriate, ineffective service of process on BENDE on behalf of foreign, non-U.S. corporation, OCRAM. See In Re: Hancock, 160 B.R. 677.

WHEREFORE, OCRAM respectfully requests vacate Clerk's Default entered against it and for such other and further relief as it deems just and proper.

I HEREBY CERTIFY that a copy of the foregoing was furnished to Charles Cohen, Esq. and Leslie Scott Osborne, Furr and Cohen, P.A., Attorneys for BENDE, 1499 West Palmetto Park Road, Suite 412, Boca Raton, Florida; to John C. Rayson, Esq., Attorney for PLAINTIFF, 2400 East Oakland Park Boulevard, Fort Lauderdale, Florida 33306; William D. McEachern, Esq., Winthrop, Stimson, Putman & Roberts, Attorneys for KLELINE, 125 Worth Avenue, Suite 310, Palm Beach, Florida 33480; Gina Anne Dombosch, Esq., Valerie Greenberg, Itkoff, Esq., and Edward Soto, Esq., Weil Gotshal & Manges, Attorneys for BANQUE PARIBAS, S.A. 701 Brickell Avenue, Suite 2100, Miami, Florida, this ____ day of _____, 2000.

LAVALLE, BROWN, RONAN & SOFF, P.A.
Attorneys for OCRAM
750 South Dixie Highway
Boca Raton, Florida 33432
(561) 394-9280 (Boca Raton)
(800) 795-0995

JEFF M. BROWN, ESQUIRE
FLORIDA BAR NO.: 197912

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6026 CIV-Ferguson
Magistrate Judge Snow

WORLDNET COMPANIES, INC.
a Florida corporation

    Plaintiff

v.

KLELINE, a Limited Company,
a corporation incorporated under the law of
France, ABDALLAH HITTI, individually;
AYHUB HITTI, INDIVIDUALLY;
BANQUE PARIBAS S.A., a banking corporation
incorporated under the laws of France;
OCRAM EST., a Liechtenstein corporation; and
MICHAEL BENDE, individually

    Defendants
_____/

## MOTION TO VACATE CLERK'S ENTRY OF DEFAULT

Defendant, OCRAM EST. ("OCRAM"), by and through its newly appearing undersigned counsel does hereby file a Motion to Vacate Clerk's Default as entered against it on April 3, 2000 and as grounds therefore states the following:

1.     OCRAM recently consulted with the undersigned on Thursday, April 27, 2000.

2.     Previously OCRAM was under the impression that it was at that time, represented by counsel for MICHAEL BENDE, a Defendant named individually in the above-styled matter and, as a result, no pleadings on behalf of OCRAM itself were actually filed through the excusable mutual mistake and/or excusable neglect as all parties where under the impression that OCRAM had counsel.



EXHIBIT A

3. Unfortunately, OCRAM did not have counsel previously in this regard and as a result no pleading was filed and as such, the Clerk entered a Default less than one (1) month ago.

4. OCRAM fully intends to have representation in this matter and is a separate and distinct entity from MICHAEL BENDE and separate counsel is necessary to present each.

5. The pleadings are at an early enough stage such that no party is prejudice by the Court vacating the Clerk's Default in this regard.

6. The undersigned is filing this Motion at the earliest possible time and to avoid delay and any affidavits that may support said Motion may follow.

I HEREBY CERTIFY that a copy of the foregoing was furnished to Charles Cohen, Esq. and Leslie Scott Osborne, Furr and Cohen, P.A., Attorneys for BENDE, 1499 West Palmetto Park Road, Suite 412, Boca Raton, Florida; to John C. Rayson, Esq., Attorney for PLAINTIFF, 2400 East Oakland Park Boulevard, Fort Lauderdale, Florida 33306; William D. McEachern, Esq., Winthrop, Stimson, Putman & Roberts, Attorneys for KLELINE, 125 Worth Avenue, Suite 310, Palm Beach, Florida 33480; Gina Anne Dombosch, Esq., Valerie Greenberg, Itkoff, Esq., and Edward Soto, Esq., Weil Gotshal & Manges, Attorneys for BANQUE PARIBAS, S.A. 701 Brickell Avenue, Suite 2100, Miami, Florida, this 1st day of May, 2000.

LAVALLE, BROWN, RONAN & SOFF, P.A.

Attorneys for OCRAM
750 South Dixie Highway
Boca Raton, Florida 33432
(561) 394-9280 (Boca Raton)
(800) 795-0995

LAWRENCE K. FAGAN, ESQUIRE
FLORIDA BAR NO.: 999857

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6026 CIV-Ferguson
Magistrate Judge Snow

WORLDNET COMPANIES, INC.
a Florida corporation

    Plaintiff

v.

KLELINE, a Limited Company,
a corporation incorporated under the law of
France, ABDALLAH HITTI, individually;
AYHUB HITTI, INDIVIDUALLY;
BANQUE PARIBAS S.A., a banking corporation
incorporated under the laws of France;
OCRAM EST., a Liechtenstein corporation; and
MICHAEL BENDE, individually

    Defendants

_____/

## AMENDED
## MOTION TO VACATE CLERK'S ENTRY OF DEFAULT

Defendant, OCRAM EST. ("OCRAM"), by and through its newly appearing undersigned counsel filed its Motion to Vacate Clerk's Default on Monday, May 1, 2000 for a Default entered against it on April 3, 2000 and as grounds therefore states the following:

1.     OCRAM recently consulted with the undersigned on Thursday, April 27, 2000.

2.     Previously OCRAM was under the impression that it was at that time, represented by counsel for MICHAEL BENDE, a Defendant named individually in the above-styled matter and, as a result, no pleadings on behalf of OCRAM itself were actually filed through the excusable mutual mistake and/or excusable neglect as all parties where under the impression that OCRAM had counsel.



EXHIBIT B

3. Unfortunately, OCRAM did not have counsel previously in this regard and as a result no pleading was filed and as such, the Clerk entered a Default less than one (1) month ago.

4. OCRAM fully intends to have representation in this matter and is a separate and distinct entity from MICHAEL BENDE and separate counsel is necessary to present each.

5. The pleadings are at an early enough stage such that no party is prejudice by the Court vacating the Clerk's Default in this regard.

6. The undersigned is filing this Motion at the earliest possible time and to avoid delay.

7. In addition, upon information and belief, Defendant corporation has as its legal address an address in Europe. That company is now represented by the undersigned was, in fact, not properly served with the Complaint heretofore. If it was served at all, it was a separate Defendant, MICHAEL BENDE, individually, who could not properly accept service on behalf of Defendant, OCRAM.

8. As a result of the aforementioned and this included amended, no notice of appearance was previously entered on behalf of Defendant, OCRAM, and, in addition, service of pleadings were not properly accepted and, therefore, the entry of the Clerk's Default was in error and should be properly vacated.

WHEREFORE, Defendant, OCRAM, respectfully requests the Honorable Court vacate the Clerk's Default entered against it on April 3, 2000.

I HEREBY CERTIFY that a copy of the foregoing was furnished to Charles Cohen, Esq. and Leslie Scott Osborne, Furr and Cohen, P.A., Attorneys for BENDE, 1499 West Palmetto Park Road, Suite 412, Boca Raton, Florida; to John C. Rayson, Esq., Attorney for PLAINTIFF, 2400 East Oakland Park Boulevard, Fort Lauderdale, Florida 33306; William D. McEachern,

Esq., Winthrop, Stimson, Putman & Roberts, Attorneys for KLELINE, 125 Worth Avenue, Suite 310, Palm Beach, Florida 33480; Gina Anne Dombosch, Esq., Valerie Greenberg, Itkoff, Esq., and Edward Soto, Esq., Weil Gotshal & Manges, Attorneys for BANQUE PARIBAS, S.A. 701 Brickell Avenue, Suite 2100, Miami, Florida, this 3rd day of May, 2000.

LAVALLE, BROWN, RONAN & SOFF, P.A.

Attorneys for OCRAM
750 South Dixie Highway
Boca Raton, Florida 33432
(561) 394-9280 (Boca Raton)
(800) 795-0995

LAWRENCE K. FAGAN, ESQUIRE
FLORIDA BAR NO.: 999857