UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6026-CIV-FERGUSON/SNOW

WORLDNET COMPANIES, INC.,
a Florida corporation,
    Plaintiff,

vs.

KLELINE, a Limited Company,
a corporation incorporated under the laws
of France, ABDALLAH HITTI, individually,
AYHUB HITTI, individually,
BANQUE PARIBAS S.A., a banking
corporation incorporated under the laws of France,
OCRAM EST., a Liechtenstein corporation, and
MICHAEL BENDE, individually,
    Defendants.
_____/

**NIGHT BOX
FILED**

**JUN 2 1 2000**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## JOINT STATUS REPORT

COMES NOW the Plaintiff, by and through undersigned counsel, and pursuant to this Court's Order of February 22, 2000, and files this Joint Status Report and states as follows:

### 1. Nature of claim:

A. Plaintiff's Position: Plaintiff's claims are for breach of contract, fraud, breach of fiduciary duty and civil theft. Plaintiff seeks damages of approximately $4,300,000.00 exclusive of punitive and treble damages. There are no counterclaims, cross-claims or third-party claims as of this date, but Defendant KLELINE has filed a separate action against Plaintiff and others in the Tribunal de Commerce de Paris, a French commercial court.



1

B. Defendant PARIBAS' Position: Plaintiff's Complaint alleges five claims for relief: (i) breach of contract (purportedly against Defendants KLELINE and PARIBAS); (ii) breach of contract (purportedly against Defendants ABDALLAH HITTI and KLELINE); (iii) common law fraud (purportedly against all Defendants); (iv) breach of fiduciary duty (purportedly against all Defendants); and (v) civil theft (purportedly against all Defendants). Plaintiff is seeking damages in an unspecified amount, plus punitive and treble damages.

C. Defendant KLELINE's Position: KLELINE disagrees with Plaintiff's position. Further, KLELINE respectfully submits that Plaintiff has no standing to bring this action against KLELINE and that the Court has neither personal nor subject matter jurisdiction over it. As set forth below, any cognizable dispute between Plaintiff and KLELINE is the subject of a proceeding the Tribunal de Commerce de Paris, a French commercial court that has exclusive jurisdiction. Thus, this action should be dismissed as against KLELINE.

## 2. **Summary of Facts:**

A. Plaintiff's Position: Plaintiff is a worldwide Internet service provider and electronic-commerce processor. Plaintiff contracted with Defendants to provide banking services to Plaintiff and, specifically, to process credit card transactions for Plaintiff. The parties agreed that Defendants would process credit card transactions, collect payments and then remit the amounts of the charges, minus a service fee, to Plaintiff. The parties executed a series of contracts, agreements and memoranda in order to define the terms and conditions of the business relationship. Several millions of dollars worth of transactions were processed during the parties' business relationship.

On or about November 5, 1999, Plaintiff and Defendants KLELINE and OCRAM entered

2

into a "Memorandum of Understanding" whereby the parties agreed to terminate KLELINE's involvement in processing transactions and KLELINE agreed to send transaction payments directly to Plaintiff instead of through OCRAM.

Plaintiff is now demanding payment from Defendants for transactions processed but never paid to Plaintiff. Additionally, Defendant KLELINE is demanding payment from OCRAM for payments mistakenly sent to OCRAM instead of Plaintiff. Subsequent to Plaintiff's complaint in this case, KLELINE filed suit in France against both Plaintiff and OCRAM.

B. <u>Defendant PARIBAS' Position</u>: Paribas does not agree with Plaintiff's summary of facts. Paribas is a banking corporation organized under the laws of France, with its principal place of business in Paris, France. (Paribas is now wholly-owned by BNP, a publicly-held banking corporation also organized under the laws of France.) Paribas is not a party to any of the contracts upon which Plaintiff purports to base its claims and which are attached to Plaintiff's Complaint; and the Complaint fails to plead any facts showing any wrongdoing at all as to PARIBAS, let alone any wrongful conduct by PARIBAS that may have harmed Plaintiff in Florida or anywhere else in the United States. Plaintiff does not and cannot plead any other facts establishing any basis for the exercise of personal jurisdiction over PARIBAS in this action. (PARIBAS respectfully notes in this regard that, subject to and without waiving any objection to the Court's exercise of jurisdiction over PARIBAS in this action, PARIBAS submits this Joint Status Report in order to comply with the Court's Order of February 22, 2000.)

Moreover, Defendant KLELINE was neither the "alter ego" nor "agent" of PARIBAS as characterized in the Complaint. KLELINE, a partially-owned (<u>not</u> wholly-owned) subsidiary of PARIBAS, is separately incorporated under the laws of France; maintains its own independent

3

corporate structure; has its own board of directors, officers and employees; and has a substantial independent capitalization.

C. <u>Defendant KLELINE's Position</u>: KLELINE disagrees with Plaintiff's summary. KLELINE, a French corporation that does not do business in Florida, is not even a party to any of the contracts set forth in the Complaint or attached as exhibits. Moreover, KLELINE has learned that Plaintiff's claims arise out of its business with other unnamed indispensable parties as an Internet gambling provider. Plaintiff does not and cannot plead any facts establishing any basis for the exercise of personal jurisdiction over KLELINE in this action and has even failed to serve KLELINE with the Complaint. (KLELINE respectfully notes in this regard that, subject to and without waiving any objection to the Court's exercise of jurisdiction over KLELINE in this action, KLELINE submits this Joint Status Report to comply with the Court's Order of February 22, 2000).

The alleged November 5, 1999 "Memorandum of Understanding" referred to in Plaintiff's summary is not a subject of the Complaint. Furthermore, that memorandum, which was executed in France, provides for exclusive jurisdiction in the Tribunal de Commerce de Paris and for the application of French law to its terms.

KLELINE, in fact, has brought an action in the Tribunal de Commerce de Paris (a French commercial court) with respect to that memorandum which has named parties not only the Plaintiff, MICHAEL BENDE, and OCRAM, EST., but also other indispensable parties that Plaintiff has chosen not to make parties to this action, including Bonsai, S.A. and Nicholas Nolter.

4

### 3. **Summary of Issues**:

A. Plaintiff's Position:

    (i) Whether Defendants owe Plaintiff monies for banking transactions processed through KLELINE and/or PARIBAS, and if so, how much is owed Plaintiff.

    (ii) Whether OCRAM is liable for payments made by KLELINE but never received by Plaintiff.

    (iii) Whether KLELINE is entitled to contribution from OCRAM for any monies owed Plaintiff.

    (iv) Whether OCRAM, through MICHAEL BENDE, actually executed the Memorandum of Understanding between Plaintiff, KLELINE and OCRAM.

B. Defendant PARIBAS' Position: The issues in this case as to PARIBAS are summarized in the denials and affirmative defenses that are pled in the Answer of Defendant PARIBAS, filed with the Court on March 24, 2000. PARIBAS believes that there are several issues that, to satisfy Rule 1 of the Federal Rules of Civil Procedure, should be addressed at the outset, including:

    (i) Whether the Court lacks subject matter jurisdiction, given PARIBAS' position that Plaintiff's Complaint fails to plead facts establishing diversity. See Compl. ¶¶2, 5.

    (ii) Whether the Court lacks personal jurisdiction over PARIBAS, given, inter alia, PARIBAS' position that: (a) PARIBAS is not a party to any of the contracts attached to Plaintiff's Complaint; and (b) the Complaint fails to plead facts showing any wrongdoing at all by PARIBAS, let alone any wrongful conduct by PARIBAS that may have harmed Plaintiff in Florida or anywhere else in the United States.

    (iii) Whether venue is proper in this District, given PARIBAS' position that the Complaint fails to allege any basis for venue and, in any event, none of the statutory bases apply.

    (iv) Whether the action should be dismissed pursuant to the doctrine of *forum non coveniens*, given, inter alia, PARIBAS' position that: (a) at least two of the contracts upon which Plaintiff purports to sue (Exhibits A and B to the

5

Complaint) expressly state that they are to be governed by the laws of France and, if necessary, litigated before the Tribunal de Commerce de Paris (The Paris Commercial Court); (b) a November 5, 1999 Memorandum of Understanding exists, which, although conspicuously not mentioned in the Complaint, was executed by Plaintiff WORLDNET, Defendant KLELINE and Defendant OCRAM and on its face purports to resolve the dispute that is the subject of Plaintiff's Complaint and was negotiated and signed in Paris; and (c) the majority of witnesses live overseas.

(v) Whether the action should be stayed or dismissed because a related action has been filed in the Tribunal de Commerce de Paris, entitled La Societe KLELine v. La Societe Ocram, Est., La Societe Inmobiliaria Bonsai S.A., La Societe WorldNet Companies, Inc., Nicholas Nolter and Michael Bende.

(vi) Whether this action should be dismissed on account of PARIBAS' position that Plaintiff has failed to join indispensable parties, including PG&C Leasing Co. of Florida, Inmobiliaria Bonsai, S.A. and WorldNet Commerce, Inc., which were signatories to several of the contracts upon which Plaintiff purports to sue.

(vii) Whether the action should be dismissed due to PARIBAS' position that Plaintiff fails to state a claim upon which relief can be granted and fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

C. Defendant KLELINE's Position: KLELINE does not agree with Plaintiff's summary of issues. KLELINE has summarized its position in the denials and affirmative defenses in its Answer filed with the Court on March 24. KLELINE respectfully submits that the issues set forth in PARIBAS' Position above, which it adopts, should be addressed by the Court at the outset before any further proceedings. One additional issue that must be addressed as a threshold matter is whether KLELINE has even been properly served with the Complaint.

**4. Summary of Pending Motions**: Plaintiff's Motion for Judgment Upon Default, as to Defendant OCRAM, is pending. Defendant OCRAM's Amended Motion to Vacate Clerk's Entry of Default is pending. Defendant BENDE's Motion to Dismiss is pending.

6

### 5. **Progress of Discovery:**

A. Plaintiff's Position: Discovery is ongoing and it is anticipated that the case will be ready for final pretrial conference and/or trial in ninety (90) days.

B. Defendant PARIBAS' Position: No discovery has been conducted to date, and no discovery requests appear to have been served. PARIBAS believes that discovery is totally inappropriate until the threshold issues set forth in Section 3 above have been addressed by the Court.

C. Defendant KLELINEs's Position: KLELINE is unaware of any discovery proceedings. Moreover, contrary to Plaintiff's projection, since a large number of critical witnesses reside outside the United States, it will take many months to obtain testimony and other evidence for trial.

### 6. **Projected Time Necessary for Jury Trial:**

A. Plaintiff's Position: It is anticipated that the trial of this cause will require five (5) days. Plaintiff has demanded a trial by jury.

B. Defendant PARIBAS' Position: As to PARIBAS alone, and assuming that the action were not dismissed as to PARIBAS on a Rule 12 or Rule 56 motion, PARIBAS would expect that a trial of this matter would last less than one day. PARIBAS is unable to assess the nature of a trial as to the issues involving the other parties and claims.

C. Defendant KLELINE's Position: KLELINE does not expect trial to go forward against it due to the multiple jurisdictional grounds for dismissal set forth above.

Any trial involving KLELINE should take place in the Tribunal de Commerce de Paris because it has jurisdiction over all the necessary parties and because French law applies to the

7

only contracts at issue with respect to KLELINE.

### 7. Unique Legal or Factual Aspects Requiring Special Consideration:

A. Plaintiff's Position: Defendants PARIBAS and KLELINE assert, as an affirmative defense, that under French law, PARIBAS and KLELINE are entitled to have the disputes between Plaintiff and PARIBAS and KLELINE heard in a French court of law. Subsequent to the filing of the instant case, KLELINE filed an action in the Tribunal de Commerce de Paris, Republic of France, against Plaintiff and Defendants OCRAM and BENDE, among others. Special consideration may be required to resolve these conflict of law issues.

B. Defendant PARIBAS' Position: PARIBAS respectfully refers the Court to its position set forth in Sections 2 and 3 above.

C. Defendant KLELINE's Position: KLELINE respectfully directs the Court to the many legal and factual issues set forth in its position in Sections 1, 2 and 3 above.

**8. Status of Potential Settlement:** The parties negotiated without reaching a final resolution. Defendant KLELINE has filed suit in France against Plaintiff and Defendant OCRAM. There are no ongoing settlement negotiations.

**9a. Proceeding Before a Magistrate Judge for Trial:** All parties do not wish to proceed before a Magistrate Judge for trial.

**9b. Unique Issues which Should be Referred to a Special Master/Magistrate Judge:** The parties do not believe that there are any issues that should be referred to a Special Master or a Magistrate Judge.

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served via facsimile and mail on June 20, 2000 according to the attached service list.

LAW OFFICES OF JOHN C. RAYSON
2400 East Oakland Park Blvd.
Fort Lauderdale, FL 33306
(954) 566-8855 Fax (954) 566-8902

By: _____
JOHN C. RAYSON, ESQ.
Florida Bar No. 204153

9

Service List RE Case No. 00-6026
Worldnet vs KLELine

Les. S. Osborne, Esquire
Furr & Cohen, P.A.
1499 West palmetto Park Road
Suite 412
Boca Raton, Florida 33486

Edward Soto, Esquire
Weil, Gotshal & Manges, LLP
701 Brickell Avenue
Suite 2100
Miami, Florida 33131

Irwin H. Warren, Esquire
John Neuwirth, Esquire
Weil, Gotschal & Manges, LLP
767 Fifth Avenue
New York, New York 10153

William McEachern
Winthrop, Stimson, Putnam & Roberts
125 Worth Avenue
Palm Beach, Florida 33480

Mark R. Hellerer, Esquire
Winthrop, Stimson, Putnam & Roberts
One Battery Park Plaza
New York, New York 10004

Lawrence K. Fagan
LAVALLE, BROWN, RONAN & SOFF, P.A.
Attorneys for OCRAM
750 South Dixie Highway
Boca Raton, Florida 33432