UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WORLDNET COMPANIES, INC..
a Florida corporation.

      Plaintiff,                            CASE NO.: 00-6026-CIV-FERGUSON

vs.

KLELINE. a limited company, a corporation
incorporated under the laws of France;
ABDALLAH HITTI, individually;
BANQUE PARIBAS. S.A.. a banking
corporation incorporated under the laws
of France; OCRAM EST., a Liechtenstein
corporation; and MICHAEL BENDE, individually.

Defendants.
_____/

## MOTION TO VACATE ORDER OF DISMISSAL AND CLOSURE
## AND FOR RECONSIDERATION OF CASE AND MEMORANDUM OF LAW

COMES NOW the Plaintiff, by and through the undersigned attorney, and pursuant to

Federal Rule of Civil Procedure 60(b)(6) and moves this Honorable Court to vacate this Court's

Order of 30 June 2000 and states:

1.    Plaintiff filed its civil action with jurisdiction based upon diversity of citizenship

      on the 7th day of January, 2000, in the United States District Court, Southern

      District of Florida.

2.    This action involves substantial claims against foreign companies.

3.    One of the Defendants, an individual, MICHAEL BENDE, filed a Motion to

      Dismiss based on the acknowledgment that he is a resident of Boca Raton. Florida

      and therefore the court does not have diversity jurisdiction.

4.    The Court, on the motion filed on BENDE's behalf, entered an Order dismissing

the entire case and further closing the above civil case. Plaintiff has therefore been denied the opportunity to amend its Complaint or even seek leave of Court to amend the Complaint.

5. The other Defendants in the case have either answered or have been defaulted, had the defaults vacated and are in the posture of answering the Complaint.

6. The Plaintiff requests that the Order be modified to dismiss MICHAEL BENDE only from the case and reopen the case so that Plaintiff may seek leave of the Court to amend the Complaint. Without BENDE, the Court does have diversity jurisdiction and in the interest of judicial economy it is a better practice to reopen the case without this dismissed defendant since there is no lack of diversity with the remaining Defendants. Further, Defendants KLELINE and PARIBAS have already filed answers in the cause.

7. The Order of dismissal is without prejudice, but it seems an unnecessary, costly and time consuming exercise to require Plaintiff to refile a new case with the same parties and the same issues except for dismissed Defendant BENDE. Plaintiff could easily amend the Complaint to satisfy the requirement of diversity.

8. Federal Rule of Civil Procedure 60 allows for relief from orders where there is "surprise" and for "any other reasons justifying relief" from the operation of the order.

9. After the 30 June Order, attached hereto and made a part hereof, was issued, Plaintiff's attorney received two orders dated 1 August 2000 setting the case for trial and for mediation. On 2 August the day the Orders were received, Plaintiff's attorney immediately telephoned the Clerk and the Clerk informed Plaintiff's

attorney that the case was reopened. Plaintiff's attorney then informed his client of same, and that the case was dismissed only as to BENDE. The following day, 3 August, the Clerk telephoned Plaintiff's attorney and said the case was entirely dismissed and closed and the Orders of 1 August from the Court were in error.

10. Plaintiff and his attorney are surprised and confused by this chain of events and respectfully ask this Court to modify the Order of 30 June to grant dismissal as to Defendant BENDE only and reopen the case and allow it to be heard on the merits as to the other Defendants, upon Plaintiff filing an Amended Complaint.

WHEREFORE, Plaintiff prays that this Honorable Court vacate its order of 30 June 2000, dismissing the entire case and closing the case and to issue an order dismissing the case as to Defendant BENDE only and allowing the case to proceed against all other Defendants, upon Plaintiff filing an Amended Complaint.

## MEMORANDUM OF LAW

COMES NOW the Plaintiff, by and through the undersigned attorney, and submits this Memorandum of Law in support of its Motion to Vacate Order of Dismissal and Closure of Case, and states:

1. The Motion to Vacate the Order of Dismissal of 30 June 2000 is predicated upon the authority of Federal Rule of civil Procedure 60 which provides that clerical mistakes in orders may be correct by the Court at any time. In this case, conflicting orders were issued 30 June and 1 August 2000.

2. Federal Rule of Civil Procedure 60 also provides that the Court may as just terms relieve a part from an order where this is a mistake, surprise, excusable neglect or for any other reason justifying relief.

3.  The motion for relief filed by Plaintiff has been made within a reasonable time from when the Order was entered.

4.  The interests of judicial economy will be served by dismissing the case as to BENDE only and allowing the cause to proceed to trial as to the other Defendants among who complete diversity of jurisdiction exists.

5.  Furthermore, Federal Rule of Civil Procedure 15(a) directs that leave to amend a pleading "shall be freely given when justice so requires". In this case, Plaintiff would seek to amend its Complaint to satisfy diversity requirements in light of this Court's 30 June 2000 ruling on BENDE's Motion to Dismiss.

6.  Plaintiff should be given an opportunity to amend the Complaint instead of filing a new action. "[A] district court's discretion to dismiss a complaint without leave to amend is 'severely restrict[ed]' by Fed.R.Civ.P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (quoting Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988).

7.  Re-opening this case and allowing Plaintiff to file an amended complaint comports "with the Federal Rules' fundamental goal that disputes be resolved on the merits, rather than on the pleadings." Bank v. Pitt, 928 F2d at 1112 n.6.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail to Charles Cohen, Esquire and Leslie Scott Osbourne, Furr and Cohen, P.A., Attorney for BENDE, 1499 West Palmetto Park Road, Suite 412, Boca Raton, Florida,; William D.

McEachern, Esq., Winthrop, Stimson, Putman & Roberts, Attorneys for KLELINE, 125 Worth Avenue, Suite 310, Palm Beach, Florida 33480; Gina Ann Dombosch, Esq., Valerie Greenberg, Itkoff, Esq., and Edward Soto, Esq., Weil Gotshal & Manges, Attorneys for BANQUE PARIBAS, S.A., 701 Brickell Avenue, Suite 2100, Miami, Florida; LAVALLE, BROWN, RONAN & SOFF, P.A., Lawrence K. Fagan, Esq., 750 South Dixie Highway, Boca Raton, Florida 33432, on the 7th day of August, 2000.

          LAW OFFICES OF JOHN C. RAYSON
          2400 East Oakland Park Blvd.
          Fort Lauderdale, FL 33306
          (954) 566-8855

          By: _____
              JOHN C. RAYSON, ESQ.
              Florida Bar No. 204153

**CLOSED CIVIL CASE**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**



FILED
JUN 3 0 2000
CLARENCE MADDOX
C.S. DIST. JUDGE, S.D.
S.D. OF FLA. MIAMI

WORLDNET COMPANIES, INC., a Florida corporation,

    Plaintiff,

vs.

KLELINE, a Limited Company, a corporation incorporated under the laws of France; ABDALLAH HITTI, individually; BANQUE PARIBAS, S.A., a banking corporation incorporated under the laws of France; OCRAM EST., a Liechtenstein corporation; and MICHAEL BENDE, individually,

    Defendants.
_____/

Case No. 00-6026-CIV-FERGUSON

## ORDER

**THIS CAUSE** is before the Court on Defendant Bende's Motion to Dismiss [D.E. 16].

Having duly considered the motion, response and pertinent portions of the record, it is

**ORDERED AND ADJUDGED** that the motion [D.E. 16] is **GRANTED.**

Specific allegation on face of complaint and there being no amended complaint filed defeats diversity jurisdiction.

Page 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this 30TH day of June, 2000.

WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
John C. Rayson, Esq.
Les S. Osborne, Esq.
William D. McEachern, Esq.
Gina Ann Dombosch, Esq.
Lawrence K. Fagan, Esq.