UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WORLDNET COMPANIES, INC.
A Florida Corporation,

        Plaintiff,

-against-

KLELine, a Limited Company, a corporation
incorporated under the laws of France;
ABDALLAH HITTI, individually;
AYHUB HITTI, individually;
BANQUE PARIBAS S.A., a banking corporation
incorporated under the laws of France; and
OCRAM EST., a Liechtenstein corporation.

        Defendants.

Case No.:
00-6026 CIV-FERGUSON



### DEFENDANT KLELINE'S MEMORANDUM
### IN OPPOSITION TO PLAINTIFF'S MOTION TO
### VACATE ORDER AND FOR RECONSIDERATION

Preliminary Statement

Defendant KLELine, a French corporation, respectfully submits this memorandum in opposition to Plaintiff WorldNet Companies, Inc.'s Motion to Vacate Order of Dismissal and Closure and for Reconsideration of Case. Plaintiff's motion is nothing more than an attempt to avoid the consequences of its own negligence and dilatory conduct and completely fails to satisfy the stringent requirements of Federal Rule of Civil Procedure 60(b)(6).

Moreover, KLELine contests Plaintiff's assertion that the granting of its motion will serve the interests of judicial economy. Should the original action be restored against defendant KLELine, it will promptly seek to dismiss the complaint on *forum non conveniens* grounds based on: (1) the agreements relevant to this action, in which the parties agreed to the



10518523.01

application of French law and provided for exclusive jurisdiction over all disputes in the Tribunal de Commerce de Paris; and (2) the pendency of a legal proceeding in the French court addressing the same issues as found in this action. KLELine will also move promptly, in the alternative, for judgment on the pleadings in this action based on a number of fatal defects, including lack of personal jurisdiction, improper venue, insufficiency of service of process, failure to name indispensable parties, and failure to state a claim for relief.

I. PLAINTIFF HAS FAILED TO MEET THE STRINGENT STANDARD OF RULE 60(b)(6)

By Order dated and entered June 30, 2000, this Court granted defendant Michael Bende's Motion to Dismiss the Complaint and the case was closed. If Plaintiff wished to challenge the Order, the Federal Rules provide for two options -- reconsideration under Rule 59(e) or the filing of a notice of appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure. A motion for reconsideration under Rule 59(e) must be made within 10 days after entry of an order, or, in this case, by July 10, 2000. A notice of appeal must be filed within 30 days after the entry of an order, or, in this case, by July 31, 2000. Plaintiff neither moved for reconsideration of the Order nor filed a notice of appeal. Instead, by motion dated August 9, 2000, plaintiff asked this Court, pursuant to Rule 60(b)(6), to vacate and/or reconsider the June 30 Order.

Federal courts "grant relief under Rule 60(b)(6) only for extraordinary circumstances." Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir. 2000) (emphasis added); see also, Raven v. Oppenheimer & Co., Inc., 74 F.3d 239, 242 (11th Cir. 1996) ("Rule 60(b)(6) provides an 'extraordinary remedy'") (emphasis added). Moreover, "[a] Rule 60(b)(6) motion is an extraordinary remedy; like the 60(b) motion generally, it is not a substitute for appeal, and it is ordinarily not available to one who fails to appeal." Fackelman v. Bell, 564

F.2d 734, 737 (5th Cir. 1977). Where a party seeks review of an order under Rule 60(b)(6) on the grounds that the court misunderstood the facts or misapplied the law, "this argument does not justify relief pursuant to Rule 60(b). This argument should be brought under Rule 59(e), within the ten (10) day time constraints mandated by that Rule, or in direct appeal." Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 687 (M.D. Fla. 1996).

Plaintiff has failed to offer sufficient justification for the "extraordinary remedy" it seeks. Plaintiff's sole claim is that it is entitled to relief under Rule 60(b)(6) because of "surprise." (Motion at ¶¶ 8-10 on pp. 2-3). The "surprise" claimed by Plaintiff is the receipt of two orders dated August 1, 2000, which were apparently sent in error and which purported to set a trial schedule and to order mediation. Those orders, however, were sent over one month after the Court's order dismissing the case. Even if Plaintiff had misinterpreted the June 30 dismissal order to apply only to defendant Michael Bende, it made absolutely no attempt to amend the complaint to reflect the dismissal of Bende as a defendant. Thus, any "surprise" is due entirely to Plaintiff's negligence. Furthermore, even if the receipt of orders in a closed case constitutes "surprise," it does not justify relief here because Plaintiff received these orders after its time to appeal and/or move for reconsideration had already lapsed.

Plaintiff's attempt to seek relief under Rule 15(a) of the Federal Rules of Civil Procedure is completely unwarranted. Plaintiff is not seeking to amend a pleading; plaintiff is seeking to have this Court reconsider and vacate a prior order of dismissal. Having failed to timely move for reconsideration or file a notice of appeal and failing to meet the stringent requirements of Rule 60(b)(6), plaintiff's motion should be denied.

## II. RESTORATION OF THE ORIGINAL ACTION DOES NOT SERVE JUDICIAL ECONOMY

In its motion papers (Motion ¶ 6), Plaintiff argues that the interests of judicial economy would be served by reopening the case and permitting it to amend its complaint. KLELine strongly disputes that assertion.

Plaintiff's original action constituted an improper attempt to drag a number of foreign entities, including defendant KLELine, before this Court - - foreign entities over which this Court has no personal jurisdiction - - to resolve alleged disputes involving contracts executed in France, governed by French law, and providing for the exclusive jurisdiction of the French courts over any underlying disputes. Furthermore, as KLELine has previously advised the Court in its written submission for the initial pretrial conference, an action has already been filed in the Tribunal de Commerce de Paris addressing the underlying issues in this lawsuit and that matter is proceeding with the participation of the other necessary parties.

By contrast, today in this action, some seven months after filing the complaint, Plaintiff has yet to effectuate proper service of a complaint upon KLELine and a number of the other named defendants. Furthermore, as noted in KLELine's answer, the complaint is rife with other fatal defects, including improper venue, failure to name indispensable parties, and failure to state a claim for relief.

Were the Court to reopen this action, KLELine plans promptly to file a motion for dismissal based on *forum non conveniens* grounds and, alternatively, for judgment on the pleadings based on the above grounds, among others. In short, the interests of judicial economy would not be served by a reinstatement of Plaintiff's original action.

CONCLUSION

WHEREFORE, defendant KLELine respectfully requests that the Court deny Plaintiff WorldNet Companies, Inc.'s Motion to Vacate Order of Dismissal and Closure and for Reconsideration of Case, and grant KLELine such other and further relief as it may deem just and proper.

Dated: August 28, 2000

                WINTHROP, STIMSON, PUTNAM & ROBERTS

                By: *William D. McEachern* (signature)
                William D. McEachern
                Florida Bar No. 327107
                125 Worth Avenue
                Palm Beach, Florida 33480
                (407) 655-7297

                -and-

                Mark R. Hellerer
                One Battery Park Plaza
                New York, New York 10004-1490
                (212) 858-1000

                Attorneys for Defendant KLELine

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 28th day of August, 2000, to John C. Rayson, attorney for WorldNet Companies, Inc., 2400 E. Oakland Park Blvd., Fort Lauderdale, FL 33306.

William D. McEachern
Winthrop, Stimson, Putnam
 & Roberts
125 Worth Avenue
Palm Beach, FL 33480
561- 655-7297
561-833-6726
Florida Bar No.: 327107

6

10518523.01