UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WORLDNET COMPANIES, INC.
A Florida Corporation,

    Plaintiff,

-against-

KLELine, a Limited Company, a corporation
incorporated under the laws of France;
ABDALLAH HITTI, individually;
AYHUB HITTI, individually;
BANQUE PARIBAS S.A., a banking corporation
incorporated under the laws of France; and
OCRAM EST., a Liechtenstein corporation.

    Defendants.

Case No.:
00-6026 CIV-FERGUSON



## NOTICE OF FILING

Defendant, KLELine, hereby gives notice of its filing of the attached **Affidavit of Mark R. Hellerer In Opposition to Plaintiff's Motion to Strike.**

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail this 11th day of September, 2000, to the persons listed on the attached Service List.

    Respectfully submitted,

    WINTHROP STIMSON PUTNAM & ROBERTS
    125 Worth Avenue, Suite 310
    Palm Beach, FL 33480
    Tel: (561) 655-7297
    Fax: (561) 833-6726

By: *William D. McEachern*
   William D. McEachern
   Florida Bar No. 0327107

    Attorneys for Defendant KLELine

10518802.01

**SERVICE LIST**
*Worldnet Companies, Inc. v. Kleline, et al.*
Case No. 00-6026-CIV-FERGUSON

John C. Rayson, Esq.
Law Offices of John C. Rayson
2400 E. Oakland Park Blvd., 2nd Floor
Fort Lauderdale, FL  33306
(954) 566-8855
*Attorney for Plaintiff*

Leslie Scott Osborne, Esq.
Furr and Cohen, P.A.
1499 W. Palmetto Park Road, Suite 412
Boca Raton, FL  33486
(561) 395-0500
*Attorneys for Defendant Michael Bende*

Gina Ann Dombosch, Esq.
Valerie Greenberg Itkoff, Esq.
Edward Soto, Esq.
Weil, Gotshal & Manges, LLP
701 Brickell Avenue, Sutie 2100
Miami, FL  33131
(305) 577-3155

  -- and --

Irwin H. Warren, Esq.
John Neuwirth, Esq.
Weil, Gotschal & Manges, LLP
767 Fifth Avenue
New York, NY  10153

*Attorneys for Defendant Banque Paribas S.A.*

Lawrence K. Fagan, Esq.
LaValle, Brown, Ronan & Soff, P.A.
750 S. Dixie Highway
Boca Raton, FL  33432
*Attorneys for Defendant Ocram Est.*

10514972.01

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WORLDNET COMPANIES, INC.<br>A Florida Corporation,<br><br>          Plaintiff,<br><br>-against-<br><br>KLELine, a Limited Company, a corporation<br>incorporated under the laws of France;<br>ABDALLAH HITTI, individually;<br>AYHUB HITTI, individually;<br>BANQUE PARIBAS S.A., a banking corporation<br>incorporated under the laws of France; and<br>OCRAM EST., a Liechtenstein corporation.<br><br>          Defendants. | Case No.:<br>00-6026 CIV-FERGUSON |

## AFFIDAVIT OF MARK R. HELLERER
## IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

STATE OF NEW YORK    )
                            :ss.:
COUNTY OF NEW YORK  )

        Mark R. Hellerer, being duly sworn, upon information and belief, deposes and says:

        1.    I am a member of the law firm of Winthrop, Stimson, Putnam & Roberts, counsel to defendant KLELine in this matter. I submit this affidavit in opposition to the motion of plaintiff WorldNet Companies, Inc. ("WorldNet") to strike defendant KLELine's opposition to WorldNet's earlier motion to vacate the order of dismissal in this action. In the alternative, we

ask the Court to enlarge *nunc pro tunc* the time for defendant KLELine's response by one business day to August 28, 2000.

2.   WorldNet served a copy of its Rule 60(b)(6) motion by mail on the Palm Beach, Florida office of our Firm. Plaintiff's counsel alleges that he served a copy of the motion by mail on August 9, 2000. He then calculates that opposition papers were due by Friday, August 25, 2000.

3.   Because the majority of work in this matter has been handled by lawyers in our New York offices, my firm's Palm Beach office forwarded a copy of WorldNet's motion to our New York office by facsimile.

4.   On or about August 15, 2000, a law clerk in our New York office entered WorldNet's motion on our Firm's internal litigation docketing system. The clerk read the barely legible handwritten date of mailing on the facsimile copy of the certificate of service to be August 11, 2000, not August 9. (A copy of the service pages for plaintiff's motion to vacate is attached as Exhibit A.)

5.   Using the August 11 date, the clerk applied the Court's Rule 7.1C.1(a) and calendared the date by which KLELine's opposition was due as Monday, August 28, 2000. Accordingly, KLELine served and filed its opposition papers on that date.

6.   The actual service date of Monday, August 28, 2000 was only one business day later than the Friday, August 25, 2000 date calculated by plaintiff's counsel. Plaintiff has not alleged any demonstrable harm to it or any of the parties by the lapse of one business day.

7. The lapse of one business day was due to the error of a law clerk who, in good faith, calculated the return date under this Court's rules. The misreading of the handwritten date on the affidavit of service was completely inadvertent.

8. KLELine has previously filed all other motions and documents in this case in timely fashion.

WHEREFORE, in view of the above facts, we respectfully request the Court to deny plaintiff's motion to strike defendant KLELine's opposition papers, or, in the alternative, to enlarge the return date *nunc pro tunc* to August 28, 2000.

*Mark R. Hellerer*

Mark R. Hellerer

Sworn to before me this
7th day of September 2000

*[signature]*
Notary Public

ILIANA M. ARRIAGA
Notary Public, State of New York
No. 01-4745376
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires Dec 31, 20 01

3

63257606.01

3. The motion for relief filed by Plaintiff has been made within a reasonable time from when the Order was entered.

4. The interests of judicial economy will be served by dismissing the case as to BENDE only and allowing the cause to proceed to trial as to the other Defendants among who complete diversity of jurisdiction exists.

5. Furthermore, Federal Rule of Civil Procedure 15(a) directs that leave to amend a pleading "shall be freely given when justice so requires". In this case, Plaintiff would seek to amend its Complaint to satisfy diversity requirements in light of this Court's 30 June 2000 ruling on BENDE's Motion to Dismiss.

6. Plaintiff should be given an opportunity to amend the Complaint instead of filing a new action. "[A] district court's discretion to dismiss a complaint without leave to amend is 'severely restrict[ed]' by Fed.R.Civ.P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (quoting Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988).

7. Re-opening this case and allowing Plaintiff to file an amended complaint comports "with the Federal Rules' fundamental goal that disputes be resolved on the merits, rather than on the pleadings." Bank v. Pitt, 928 F2d at 1112 n.6.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail to Charles Cohen, Esquire and Leslie Scott Osbourne, Furr and Cohen, P.A., Attorney for BENDE, 1499 West Palmetto Park Road, Suite 412, Boca Raton, Florida.; William D.

EXHIBIT A

McEachern, Esq., Winthrop, Stimson, Putman & Roberts, Attorneys for KLELINE, 125 Worth Avenue, Suite 310, Palm Beach, Florida 33480; Gina Ann Dombosch, Esq., Valerie Greenberg, Itkoff, Esq., and Edward Soto, Esq., Weil Gotshal & Manges, Attorneys for BANQUE PARIBAS, S.A., 701 Brickell Avenue, Suite 2100, Miami, Florida; LAVALLE, BROWN, RONAN & SOFF, P.A., Lawrence K. Fagan, Esq., 750 South Dixie Highway, Boca Raton, Florida 33432, on the ___ day of August, 2000.

LAW OFFICES OF JOHN C. RAYSON<br>
2400 East Oakland Park Blvd.<br>
Fort Lauderdale, FL 33306<br>
(954) 566-8855<br>
<br>
By: _____<br>
JOHN C. RAYSON, ESQ.<br>
Florida Bar No. 204153